UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DALE E. STRINGER, et al.,<br><br>　　　　　Defendants. | Case No. EDCV 15-02565-DMG (KES)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

　　　On December 16, 2015, pro se Plaintiff Patrick Jackson ("Plaintiff"), a federal prisoner at U.S.P. Allenwood, filed a civil rights complaint accompanied by an application to proceed In Forma Pauperis ("IFP"). (Dkt. 1 "Complaint;" Dkt. 2.)  His IFP application was denied without prejudice due to his failure to provide a copy of his prison trust account statement. (Dkt. 4.)

　　　On February 22, 2016, Plaintiff submitted a copy of his prison trust account statement showing that his six-month average daily balance was $315.97. (Dkt. 6.)  The Court granted his IFP application, but ordered him to pay an initial filing fee of $20. (Dkt. 7.)

　　　On March 14, 2016, the Court received a letter brief from Plaintiff advising that he was currently unable to pay the initial filing fee, but requesting

that the Court nevertheless move forward with screening his Complaint. (Dkt. 8.) Accordingly, the Court reviewed the Complaint and identified the pleading deficiencies described below.

## I.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that in February 2015, he had a cellmate named Shelton Johnson. (Complaint at 12.[1]) Plaintiff knew that Johnson was a "prison snitch" and had been stealing from Plaintiff's locker. (Id.)

On February 17, 2015, a correctional officer wrote an "Incident Report" arising out of the cell shared by Plaintiff and Johnson. (Id. at 18.) The officer found a weapon (a sharpened piece of plastic) in the common area hidden in a box. (Id.) When asked to comment, Plaintiff claimed it was Johnson's knife. (Id.) Plaintiff was charged with a violation of Bureau of Prison ("BOP") regulations. (Id. at 19 [acknowledgment of rights dated 2/23/15].)

A few days later, Plaintiff got into a fight with Johnson and suffered a broken jaw bone on the left side of his face. (Id. at 12.) On February 26, 2015, Plaintiff was transported to the hospital for treatment. (Id. at 11.) Plaintiff alleges that the oral surgeons, Defendants Dr. Stringer and Dr. Partner, "failed to sanitize" the hardware they inserted to repair his broken jaw, resulting in an infection, dental abscess, additional surgeries, nerve damage, deformation of the left side of his face, pain and suffering. (Id. at 1.) Plaintiff alleges that these doctors "are employed privately by Loma Linda University Medical Center." (Id. at 2.)

In addition to suing the two doctors, Plaintiff is also suing three BOP staff members assigned to his unit: Defendants Counselor Melendez, Unit

---

[1] All page references are to the CM/ECF pagination.

2

Manager Sylvester and Case Manager Warren (collectively, the "BOP Defendants"). According to Plaintiff, the BOP Defendants knew that the situation between Plaintiff and Johnson "could blow at any time," but failed to "take preventative action." (Id. at 12-13.)

On these facts, Plaintiff alleges claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (Id. at 10.) Plaintiff sues all Defendants in both their individual and official capacities. (Id.)

## II.
## PLEADING DEFICIENCIES

### A.   Plaintiff's Official Capacity Claims Against the BOP Defendants Fail.

A lawsuit against federal public employees in their official capacity is equivalent to a lawsuit against the federal government. Due to sovereign immunity, Bivens claims or Section 1985 claims are not available against federal agents in their official capacity. Consejo De Desarrollo Economico De Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007); Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011).

### B.   Bivens Claims.

#### 1.   Plaintiff's Individual Capacity Bivens Claims Against the BOP Defendants Fail as Drafted, But May Be Amended.

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828 (1994). A prison official cannot be found liable under the Eighth Amendment, however, "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Here, while Plaintiff alleges in conclusory terms that the BOP

3

Defendants knew about tension between Johnson and Plaintiff, Plaintiff does not allege sufficient facts to show knowledge of a substantial risk of harm to Plaintiff (e.g., Did Plaintiff submit complaints or talk to the Defendants about Johnson? If so, what did he tell them and when?). Plaintiff also does not allege facts sufficient to show that the risk of an altercation between him and his cellmate was one that should have been viewed as a "substantial risk of serious harm" to Plaintiff (e.g., How long had they been cellmates? Had there been violence between them before? How did the fight on February 26, 2015 start?).

2.  **Plaintiff Cannot State a Bivens Claims Against Dr. Stringer or Dr. Partner.**

Federal inmates have no Bivens claims against employees of private entities, even if the BOP contracts with those entities for inmate care. See Karboau v. Clark, 577 Fed. App'x 678, 679 (9th Cir. 2014), citing Minneci v. Pollard, -- U.S. --, 132 S. Ct. 617, 626 (2012) (federal inmate has no Bivens claims against private employees working at a privately operated federal prison for denial of medical care or similar conduct). Plaintiff's remedy against these doctors would be to pursue an action in state court for medical malpractice or other torts.

C.  **1983 Claims.**

Because Plaintiff alleges that all of the Defendants were private or federal actors (and not state actors), all of Plaintiff's section 1983 claims fail as a matter of law.

D.  **1985 Claims.**

Section 1985 proscribes conspiracies to interfere with certain civil rights. A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient. Karim-Panahi v. Los Angeles Police Dep't,

839 F.2d 621, 626 (9th Cir. 1988). In addition, no cause of action exists unless the conspirators were motivated by discriminatory animus. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980).

Here, Plaintiff fails to plead facts concerning the nature of the alleged conspiracy or its members. Plaintiff fails to allege that he is a member of any protected class and that Defendants' alleged wrongdoing was motivated by their desire to discriminate against that class. His section 1985 claims are therefore dismissed with leave to amend.

## III.
## LEAVE TO AMEND

If Plaintiff still desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document.

The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

Dated: <u>March 17, 2016</u>

*Karen E. Scott*
_____
KAREN E. SCOTT
United States Magistrate Judge

5

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION
_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER

_____
*To be supplied by the Clerk*

_____, PLAINTIFF,

v.

_____, DEFENDANT(S).

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

**A. PREVIOUS LAWSUITS**

1. Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

    a. Parties to this previous lawsuit:
       Plaintiff _____

_____

       Defendants _____

_____

    b. Court _____

_____

    c. Docket or case number _____

    d. Name of judge to whom case was assigned _____

    e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

    f. Issues raised: _____

_____

_____

    g. Approximate date of filing lawsuit: _____

    h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☐ Yes ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                                                                               (print plaintiff's name)

who presently resides at _____,
                                                 (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
                                                       (institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                                  (Claim I)          (Claim II)          (Claim III)

**NOTE**: You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _____ resides or works at
                     (full name of first defendant)

          _____
          (full address of first defendant)

          _____
          (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:
    _____
    _____

2. Defendant _____ resides or works at
                     (full name of first defendant)

          _____
          (full address of first defendant)

          _____
          (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:
    _____
    _____

3. Defendant _____ resides or works at
                     (full name of first defendant)

          _____
          (full address of first defendant)

          _____
          (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:
    _____
    _____

4. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

5. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**CIVIL RIGHTS COMPLAINT**

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____          _____
*(Date)*                                                *(Signature of Plaintiff)*

---

**CIVIL RIGHTS COMPLAINT**